# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2020

Lyle W. Cayce
Clerk

No. 19-60292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER RAYNARD KIDD,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-114-2

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Christopher Raynard Kidd was convicted by a jury of conspiracy to distribute, and distribution of, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to, *inter alia*, 366-months' imprisonment on each count, to be served concurrently.

Kidd asserts the district court erred in determining between his trial and sentencing that he was competent during his trial and was sufficiently

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

competent to be sentenced.  In addition, Kidd claims his third attorney, High, provided ineffective assistance of counsel.

A district court's competency finding "may not be set aside on review unless it is clearly arbitrary or unwarranted".  *United States v. Dockins*, 986 F.2d 888, 890 (5th Cir. 1993) (citation omitted).  To be competent to stand trial, defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and ha[ve] a rational as well as factual understanding of the proceedings against him".  *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (internal quotation marks and citations omitted).  "A defendant who has it within his voluntary control to . . . cooperat[e], is not incompetent merely because he refuses to cooperate".  *United States v. Simpson*, 645 F.3d 300, 306 (5th Cir. 2011) (alterations in original) (internal quotation marks and citation omitted).

Kidd contends his incompetence was demonstrated by:  (1) his representation by four different attorneys before and during his trial and sentencing; (2) his placement in shackles during his trial; (3) his failure to present evidence at trial; and (4) determinations by his mental-health expert that he suffered from a chronic paranoid personality disorder and was incompetent to stand trial or be sentenced.

Kidd points to two of his attorneys' withdrawals before trial; but, during his evaluation by forensic psychologist Dr. Channell, Kidd reported the withdrawals were based on:  (1) his unwillingness to sign one attorney's speedy-trial waiver, premised on the attorney's inability to attend a hearing due to medical issues; and (2) his failure to "click" with another attorney because of the attorney's advice to accept a plea deal.  Moreover, although Kidd cites his problems with his third attorney, High, High testified Kidd's frustration with him arose due to his refusal to allow Kidd to keep copies of

discovery materials and his discussing the Government's plea offer. High testified he was able to communicate with Kidd and Kidd was able to assist in his defense.

Regarding the court's authorizing the use of leg restraints on Kidd at trial, the court explained there was an essential state interest in restraining him because, *inter alia*: there had been attempted murders and other threats among Kidd's co-defendants, demonstrating tensions ran high among them; several co-defendants would be testifying against Kidd and sitting in close proximity to him in the courtroom; and Kidd seemed erratic and agitated throughout the trial.

Although Kidd asserts his failure to present evidence demonstrated his behaving irrationally, he does not cite evidence in the record regarding the reasoning behind this defense strategy or showing it was based on his inability to communicate with counsel. Nor does he provide any case law demonstrating that holding the Government to its burden of proof constitutes incompetence, especially where, as here, Kidd stated he did not believe the jury would credit testimony of his co-defendants because they were offered lesser sentences in exchange for their testimony.

Kidd's remaining assertions rely primarily on defense-expert Dr. O'Brien's conclusions that Kidd had paranoid personality disorder and was not able to sufficiently communicate with his attorney. These conclusions, however, conflicted with Dr. Channell's, who had previously evaluated Kidd over the course of approximately four months, diagnosing him with antisocial personality disorder and determining he was sufficiently able to communicate with his attorney.

As the factfinder regarding Kidd's competence, the district court had sole discretion to decide what weight to accord Dr. O'Brien's and Dr. Channell's

conflicting opinions. *See Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 894 (5th Cir. 1991) (citation omitted). The court ultimately determined Kidd was competent after considering two competency hearings, Dr. Channell's and Dr. O'Brien's reports, testimony by High and Kidd's prior prison warden, prison incident reports and correspondence, the parties' assertions, and the court's own observations of Kidd during his trial, which extended over three years. Based on review of the record, Kidd has not demonstrated the court's competency determination was clearly arbitrary or unwarranted.

Regarding Kidd's contending High was ineffective, "Sixth Amendment claims of ineffective assistance of counsel should not be [considered] on direct appeal, unless they were previously presented to the trial court". *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (citation omitted). When the claim was not raised in district court, as in this instance, it will be considered on appeal "only in rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim". *Id.* (internal quotation marks and citation omitted).

While High testified at the competency hearing regarding his ability to communicate with Kidd, and the court made factual findings at the hearing, the focus of that hearing and the findings was Kidd's competency—not High's effectiveness *vel non*. In short, the record was not sufficiently developed in district court regarding this issue. We, therefore, decline to reach this issue, without, of course, prejudice to collateral review.

AFFIRMED.